UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20025-CR-MARTINEZ

UNITED STATES OF AMERICA,

v.

CARL FIORENTINO,

    Defendant.
_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

The United States of America respectfully files this response in opposition to the motion for protective order filed by defendant Carl Fiorentino (D.E. 35). As drafted, defendant appears to seek to use a broad, expansive protective order in this case to somehow advance his agenda in his ongoing Florida state civil lawsuit with Systemax, Inc., his prior employer who he defrauded as part of the charged indictment in this case. In his motion, defendant has not made an adequate showing to justify the issuance of a protective order in this case and he has already lost this same argument in his state court matter when his motion to quash a civil discovery demand was denied. To the extent any protective order is issued by the Court, defendant should be required to list, document by document, or category by category, each item that he seeks to protect and provide a justification as to why a protective order is needed as to that particular item.

### Argument

**1. Defendant Seeks a Broad Order Based on Unfounded Allegations and Argument**

The order sought by defendant would amount to a broad-brush prohibition against the defendant producing any material in his ongoing state court litigation, that may have been

derived from the criminal investigation. The motion here is atypical, as a protective order in a criminal case is usually sought to protect against the dissemination of personal identification information or other proprietary information (such as bank account and financial data, tax returns, and the like). It appears that, in substance, defendant seeks to get this Court to stay the civil discovery in the State court action -- because defendant was previously ordered to produce such discovery by the state court and defendant wishes to re-litigate this issue before this Court.

In support of this motion, defendant makes two broad-brush arguments—first that Systemax is somehow behind the instant criminal prosecution of defendant, and second that (as represented by defendant in his pleading) there is an ongoing criminal investigation related to separate charges against defendant, and the stay he seeks would somehow prevent information from the ongoing criminal investigation from falling into the hands of Systemax – or that a stay is otherwise required to protect the integrity of the criminal investigation. These arguments are not supported by any factual or legal basis. The government (and the Court) is thus left to wonder what actually underpins the motion and the relief that is being sought, and whether advancing such an agenda is an appropriate use of a protective order in a federal criminal case.

Defendant's suggestion that the civil action brought by Systemax somehow is coordinated with, or being directed by, the United States with respect to the criminal investigation and prosecution of this matter, is baseless. It is also inaccurate for defendant to suggest that any ongoing criminal investigation involving defendant is being directed by Systemax. For example, the government was unaware of the state of discovery in defendant's civil case, or of the discovery requests Systemax had made to defendant, until defendant's counsel brought these issues to the attention of the government prosecutors when seeking to file this motion.

Defendant also argues that the protective order is required here because Systemax somehow seeks to obtain information related to the ongoing criminal investigation in its civil discovery demands. This argument is baseless. To the extent there is any ongoing criminal investigation, any materials collected have not been produced to defendant.[1] Furthermore, if there were a grand jury investigation, materials collected would be subject to Federal Rule of Criminal Procedure 6(e), which prohibits dissemination of grand jury materials except in certain limited circumstances. No protective order in this case is required to enforce Rule 6(e) and defendant has made no suggestion that Rule 6(e) has been violated in connection with any investigation that may be ongoing.

### 2. Defendant has Not Established Good Cause for Issuance of a Protective Order and the Case Law cited Does Not Support the Relief Sought

Defendant has not made a showing of good cause to support the protective order. Defendant is involved in civil litigation that has, apparently, involved depositions and document discovery taken by defendant and by his opponent, Systemax in the State court civil case. Defendant's criminal counsel was present at some of these depositions in the civil case. While the government is not aware of the entire state of discovery in the State court civil case, defendant has already litigated his position before the presiding judge in the state court matter and lost.

In his brief, defendant cites no case where a criminal defendant seeks a protective order to prevent him from handing over materials in an ongoing civil litigation in response to a discovery demand (let alone in a litigation involving the victim of the same fraud that is the subject of his criminal case). Defendant cites several cases where third parties, such as news organizations, sought to intervene in a criminal case to obtain discovery that was claimed to be in

---

[1] The government is mindful of its discovery obligations, including via *Brady* and *Giglio*, and continues to review all materials in its possession, custody and control with regard to discovery obligations in this indicted criminal case.

3

the public interest or otherwise newsworthy.[2] *See, e.g.*, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) (request by newspaper for discovery materials); *United States v. Kravetz*, 706 F.3d 47, 56 (1st Cir. 2013) (request for information by news website); *United States v. Wolfson*, 55 F.3d 58, 61 (2d Cir. 1995) (adjudicating public's right to information sealed by court order).

Defendant also cites on Page 9 of his brief, *United States v. Davis*, 809 F.2d 1194, 1210 (6th Cir. 1987) with the parenthetical of "requiring party to demonstrate substantial prejudice from imposition of Rule 16 protective order") (cited in Def. Br. at 9). The citation to *Davis* is simply not accurate and, like the other cases cited, does not support the argument of defendant. *Davis* was a heroin conspiracy case and there is no discussion whatsoever in the opinion concerning a protective order aimed at precluding the defendant from producing discovery to a third party or even a news organization seeking access to discovery materials. Instead, in a two sentence statement at the end of a lengthy opinion, the court mentions that the defendant failed to preserve for appeal a ruling regarding the handling of a hotel receipt. 809 F.3d at 1210. The entire quote is as follows:

> Second, Davis [the defendant] argues that he was substantially prejudiced by the imposition of a Rule 16 protective order on a hotel receipt. The receipt was evidence of a trip Davis made to meet with the Amsterdam heroin contact, Howard Ransom, and discuss drug trafficking. Since Davis has failed to demonstrate substantial prejudice, the argument is without merit, as is his argument that the district court improperly admitted his passport.

*Id.* Davis does not support defendant's position in this case at all.

### 3. Defendant's Arguments as to Sixth Amendment Violations Are Meritless

Defendant also argues that, unless he ordered to *not* disclose the materials pursuant to a valid state court legal process, his right to a fair trial under the Sixth Amendment will be

---

[2] On page 8 of his brief defendant cites to *United States v. Fallen*, 498 F.2d 172, 173 (8th Cir. 1974) for the proposition that "good cause" is the required showing by a party seeking a protective order. Fallen was a case involving whether certain statements by a defendant were discoverable under Rule 16, and had nothing to do with the issuance of a protective order. 498 F.2d at 173.

impacted adversely. This argument is without any basis. Defendant presumably has provided a large quantity of discovery to Systemax in his civil case already. Moreover, a large percentage of the materials that were already disclosed by the government to defendant as Rule 16 discovery in this case, came from Systemax. Thus, defendant's argument is circular. Defendant goes on to argue that if he is required to disclose material in his State court case this will somehow impact his confrontation rights or his right to compulsory process. This argument is equally confusing and there is no factual basis or otherwise any case law provided by defendant to support his position on these grounds.

Separately, defendant's civil litigation with Tiger Direct/Systemax and his criminal case have already received widespread publicity in New York and South Florida over several years, including in newspapers and other media. Defendant was originally charged in the Eastern District of New York and sought to have venue transferred to the Southern District of Florida. There is nothing new about his criminal case or civil litigation presented in this motion that requires any special protections from the Court.[3]

Defendant goes on to argue that search warrant materials that were from a search conducted at defendant's house, if disclosed in the State court matter, would further implicate his right to a fair trial. Defendant argues that, because he intends to file a motion to suppress the search warrant materials, it would somehow be unfair to require that they be produced to Systemax. This argument misses the mark on several fronts. First, this Court has not been asked to require that anything be produced to Systemax. Moreover, if the government had never seized the materials in the first place, and defendant still had them, then presumably they would be

---

[3] It should be noted that defendant has not sought a stay of his civil lawsuit, just to block discovery that he has been ordered to provide to Systemax. This would have the apparent effect of undermining the State court's ability to regulate the proceedings before it, and adjudicate discovery disputes. This does not seem to be the appropriate use of a protective order.

5

available for discovery in his state court lawsuit in any event.  The fact that they were seized by the government from defendant, then returned to defendant as part of discovery, does not cloak the materials with a Sixth Amendment argument.  If the materials had never been seized from defendant they would presumably already have been subject to discovery in his State court civil lawsuit and provided to Systemax (if they were otherwise deemed relevant and called for in discovery, etc.).

> 4. **Defendant's Arguments as To Interference With A Criminal Investigation and Prohibition By Local Rules Are Meritless**

Defendant's last two arguments, that the disclosure in the State court civil lawsuit would impact an ongoing criminal investigation, and that the disclosure is prohibited by Southern District of Florida Local Rule 77.2, are completely meritless.  With regard to any ongoing criminal investigation, the government can see no reason why disclosure would be impacted at all, let alone why the protective order sought here.  Defendant has not been provided with any materials related to any ongoing criminal investigation.  There are other rules and procedures that govern information obtained during a federal criminal investigation, as outlined above, that address any improper use or dissemination of such information.  With regard to the argument that Local Rule 77.2 prohibits the dissemination of materials in defendant's possession in the State court civil litigation, there has been no showing that the protective order sought here is required to prevent the "reasonable likelihood" that such disclosure would "interfere with a fair trial or otherwise prejudice the administration of justice."  In fact, the protective sought here is to prevent the State court discovery order from being carried out and advance defendant's civil litigation agenda.  The defendant has otherwise provided the Court with any evidence that such material, if disclosed the State court civil litigation, will be used in some way to interfere with a fair trial on the part of the defendant or the government in this case.

## Conclusion

If the defendant has specific concerns about specific documents, he should address those concerns with the Court on a document by document basis. It appears that the motion here is designed to advance defendant's civil litigation agenda. There has been no showing of any particularized need for a protective order in the form sought here. The case law provided by defendant does not support his position at all. For the reasons set forth above, the United States respectfully requests that the motion for protective order be denied.

                                      Respectfully submitted,

                                      WIFREDO A. FERRER
                                      UNITED STATES ATTORNEY

By:   *s/ Jerrob Duffy*
        Assistant United States Attorney
        Court No. A5501106
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9273
        Fax: (305) 530-6168

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2014, the undersigned electronically filed the foregoing document using CM/ECF.

                                      *s/ Jerrob Duffy*
                                      Assistant United States Attorney