UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20025-CR-Marinez/Garber

UNITED STATES OF AMERICA,

v.

CARL FIORENTINO,

Defendant.
_____/

### OMNIBUS ORDER

THIS CAUSE is before the Court by Order of Reference from United States District Judge

Jose E. Martinez. (DE 39.) Pursuant to such reference, the Court has received defendant Carl

Fiorentino's Motion for Protective Order (DE 35) as well as non-parties Systemax Inc. and

TigerDirect, Inc.'s ("Systemax") Motion for Limited Intervention to Respond in Opposition to

Defendant's Motion for Protective Order (DE 38). The Court has also received any related responses

and replies thereto. Having held a hearing on the matters and having considered the relevant portions

of the filings in this cause the Court's findings and conclusions are as follows.

By way of background, as a result of a superseding indictment returned on September 5, 2013

in the Eastern District of New York, later transferred to the Southern District of Florida, Fiorentino

currently faces criminal charges in this court. The counts against him include: conspiracy to commit

mail and wire fraud; mail fraud; wire fraud; and money laundering conspiracy. The conduct at issue

relates to dealings Fiorentino had with Systemax. Nearly two years prior to the filing of that

superseding indictment, Systemax had initiated a civil lawsuit, in Florida state court, against

Fiorentino, and others, arising from some, if not all, of the conduct at issue in this case.

Attendant to the state civil proceeding, Systemax served Fiorentino, on January 16, 2014, with a request for production pursuant to Rule 1.350 of the Florida Rules of Civil Procedure. Included in that request were Rule 16 documents and other materials that the government had provided to Fiorentino in connection with this, the federal criminal case. As a result of Fiorentino's wholesale objection to the production of the Rule 16 documents, Systemax moved to compel in the state court. On March 25, 2014, upon a hearing, the presiding circuit court Judge John W. Thornton granted Systemax's motion to compel ordering that "[d]efendant Carl Fiorentino shall produce all responsive, non-privileged documents . . . and provide a privilege log, if necessary within 20 days of this Order." Judge Thornton's order was subject to the following conditions: the documents produced were for outside counsels' eyes only, not to be "disclosed or provided to plaintiffs or any other persons"; and the documents were not to be published. Further, the judge allowed that, "if within 20 twenty days of this order, Carl Fiorentino obtains a protective order in the criminal proceeding, this order and ruling are subject to the federal court's protective order (if any)."

Nine days later, Fiorentino's Motion for Protective Order was filed in this case (DE 35), followed, a few weeks afterwards, by Systemax's Motion to Intervene (DE 38). Systemax's motion for intervention (DE 38) was GRANTED in open court prior to the parties' being heard on the motion for protective order.

I.      **Non-Parties Systemax Inc. and TigerDirect, Inc.'s Motion to Intervene**

Systemax sought intervention in this case for the limited purpose of responding in opposition to Fiorentino's motion for a protective order. After hearing from counsel for the defendant, the government, and Systemax, the Court agreed with Systemax and the government that a negative ruling on Fiorentino's motion would have a direct effect on the state court order and the rights of

Systemax with respect to that order and the production of the Rule 16 materials.

Fiorentino's argument that the government could adequately address the issues raised in the motion for protective order was not compelling. The government itself submitted that it was not in a position to readily to do so. To be sure, the government is not nearly as familiar, if at all, with the civil litigation pending in state court as is Systemax. Secondly, Systemax, rather than the government, is best situated to explain to the Court why it believes it is entitled to the materials that are the subject of the protective order. Conversely, the government would be focused on the propriety of the motion generally, concentrating its attention primarily within the context of the criminal litigation. The Court could find no reason to justify denying Systemax the opportunity to be heard regarding a narrowly circumscribed issue that could directly impact a right afforded to it in another matter and therefore granted the motion in open court.

II.    **Fiorentino's Motion for Protective Order**

As set forth by Fiorentino, Rule 16 provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. Proc. 16(d)(1). To establish this "good cause," Fiorentino argues that: (A) discovery is a private process; (B) his right to a fair trial is in "peril"; (C) the privacy rights of third parties are at risk; and (D) disclosure of the materials will interfere with an ongoing criminal grand jury investigation and his ability to defend himself in this second litigation. He also submits that (E) Local Rule 77.2 of the Southern District of Florida dictates that the Court should grant the motion for protective order. As detailed below, none of these arguments supports granting the motion and it is therefore DENIED.

A.    **Whether Discovery in this Case Should Be Withheld from the Public Is Irrelevant**

The bulk of Fiorentino's argument that a protective order should issue centers on the concept

that discovery is inherently a private process. All of the cases cited to by Fiorentino implicate the rights that the public in general may have to judicial, sealed, or discovery documents or rights that litigants have to disseminate such information. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) (whether parties to a suit have the First Amendment right to disseminate information gained through the discovery process); *U.S. v. Anderson*, 799 F.2d 1438 (11th Cir. 1986) (whether the press may obtain (and then publish) sealed court documents); *U.S. v.* Kravetz, 706 F.3d 47 (1st Cir. 2013) (whether a journalist has the right have certain court documents unsealed); *U.S. v. Gurney*, 558 F.2d 1202 (5th Cir. 1997) (wether the press has a right to access certain court-related documents in a high-profile criminal proceeding); *U.S. v. Wolfson*, 55 F.3d 58 (2d Cir. 1995) (whether a previously convicted defendant should have access to documents that the court had deemed "undiscoverable"). Nothing in these cases in any way limits the rights of a party to obtain discovery in a civil matter just because that same discovery happens to have been produced in a related criminal proceeding. Judge Thornton in the state civil litigation has determined that Systemax, as a party, is entitled to the relevant and non-privileged documents that it has requested and has ordered Fiorentino, the defendant in that case, to produce them. It is within that framework that Systemax seeks the materials; not as a member of the general public.

B.    **Fiorentino Has Not Established that His Right to a Fair Trial Is in Peril**

Fiorentino next submits that, without the protective order, he will be unable to receive a fair trial. This argument appears to be based on two points. The first is that Fiorentino should not have to disclose materials that may ultimately be found to be inadmissible, for any number of reasons, at his criminal trial. Fiorentino has supplied no authority to support this position and the Court can find none. Further, with respect to his theory, Fiorentino has failed to make any connection between material being found inadmissable in a criminal proceeding and that same material being therefore

deemed undiscoverable in a civil case. Again, if the document is relevant and not privileged, the Court can discern no reason for prohibiting its production through the discovery process in a related civil litigation.

Fiorentino's other concern with his ability to receive a fair trial is equally unavailing. He complains that the public disclosure of the Rule 16 documents could potentially reveal his defense strategy as well as reveal documents that might otherwise never become part of the public record. As a practical matter, any fears that Fiorentino may have about the materials being publically disseminated should be alleviated by Judge Thornton's: (1) clear limitation that the materials may be viewed only by outside counsel for Systemax; and (2) direct prohibition on any publication of the documents. Further, the Rule 16 materials are limited in scope to those documents that have been provided by the government to Fiorentino. It would seem impossible for this one-way transaction to somehow reveal Fiorentino's defense strategy.

C.    **The Possible Disclosure of Third-Party Information Does Not Establish Good Cause**

Fiorentino complains that "no legitimate purpose" is served by disclosing information about third parties that may be contained in the materials subject to production. The legitimate purpose should be self evident: the production, as has been ordered by a state court in a civil proceeding, of relevant and non-privileged documents through the discovery process. And, again, Judge Thornton has unequivocally ordered outside counsel for Systemax not to publish or share any of the materials received.

D.    **Fiorentino Has Not Established How Producing the Rule 16 Materials Will Interfere with a Criminal Investigation in Another or Related Matter**

The Court finds Fiorentino's accusations that Systemax may use the produced materials to "influence the direction of the second ongoing investigation" or tamper with or manipulate a grand

jury investigation to be purely speculative and conjectural. Should such theoretical and indeterminate conduct be reduced to something concrete and definite, Fiorentino can seek redress accordingly.

        E.      **Local Rule 77.2 of the Southern District of Florida Does Not Apply**

Local Rule 77.2 restricts a "lawyer" or "law firm" from releasing information "by means of public communication . . . if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." S.D. Fla. L.R. 77.2(a). Since public dissemination, again, is not at issue in this case, this rule has no bearing on whether a protective order should issue.

III.    **Conclusion**

Fiorentino has not established good cause for the issuance of a protective order. A state court judge has ordered that relevant, non-privileged documents that are in Fiorentino's possession be produced. The Court finds that no authority or cause in this case that would support the issuance of the protective order requested.

Accordingly, it hereby ORDERED that Systemax's Motion for Limited Intervention (DE 38) is GRANTED; and defendant Fiorentino's Motion for Protective Order (DE 35) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 9th day of May 2014.

 

                                          _____
                                          BARRY L. GARBER
                                          UNITED STATES MAGISTRATE JUDGE